**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

STATE ETHICS COMMISSION,

      Plaintiff,

v.

ALISHA TAFOYA LUCERO, in her official
capacity as the Secretary of the New Mexico
Corrections Department,

      Defendant.

No.  1:25-cv-01032

## PLAINTIFF STATE ETHICS COMMISSION'S MOTION FOR REMAND[1]

    Plaintiff New Mexico State Ethics Commission respectfully moves to remand this case to New Mexico's First Judicial District Court.  The Court lacks jurisdiction for the Commission's claims.  The Commission's state declaratory judgment claims seek to establish that no federal preemption defense bars a civil action against Defendant Tafoya Lucero to enforce New Mexico's Nondisclosure of Sensitive Personal Information Act ("NSPIA"), N.M. Stat. Ann. §§ 10-16I-1 to -4 (2025).  Well-settled United States Supreme Court precedent establishes that because the Commission could not have asserted those same declaratory judgment claims in federal court under the Federal Declaratory Judgment Act ("FDJA"), 28 U.S.C. § 2201, remand is required.  *See Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 18–19 (1983); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 673–74 (1950). And while the Commission's declaratory judgment action seeks to establish that federal immigration law does not preempt a NSPIA claim to enjoin Defendant Tafoya Lucero from

---

[1] Pursuant to D.N.M.LR-Civ. 7.1, upon inquiry, undersigned counsel has determined that Defendant Tafoya Lucero opposes this motion.

providing the immigration status and citizenship information of New Mexico probationers to federal ICE agents, the doctrine of complete preemption does not support removal jurisdiction. Accordingly, the Court should remand.

## BACKGROUND

In the First Session of the 57th New Mexico Legislature, the Legislature enacted NSPIA, §§ 10-16I-1 to -4.  NSPIA, effective as of July 1, 2025, prohibits New Mexico state agency employees from intentionally disclosing "sensitive personal information" acquired by virtue of state employment to anyone outside of the state agency, except in limited, enumerated circumstances.  *See* N.M. Stat. Ann. §§ 10-16I-2, -3 (2025); 2025 N.M. Laws Ch. 138 §§ 2–3.  NSPIA defines "sensitive personal information" to include *inter alia* an individual's immigration status and national origin.  § 10-16I-2(A)(2).

The Commission is an independent state agency created by Article V, Section 17 of the New Mexico Constitution and comprised of three Democratic members, three Republican members, and one independent member.  *See* N.M. Const. art. V, § 17(A).  Article V, Section 17(C) of the New Mexico Constitution provides that the Commission may "administer or enforce such other acts as further provided by law."  N.M. Const. art. V, § 17(C).  NSPIA provides that the Commission may "institute a civil action in [state] district court if a violation has occurred or to prevent a violation of [NSPIA]."  N.M. Stat. Ann. § 10-16I-4 (2025).  Any Commission action, including the authorization of a civil action to enforce NSPIA, requires the concurrence of at least two Democratic members and two Republican members.  *See* N.M. Stat. Ann. § 10-16G-3(H) (2019).

Based on the results of an investigation, the Commission contends that both before and after July 1, 2025, employees of the New Mexico Corrections Department ("NMCD"), Adult

Probation and Parole Division, Regions I and II, intentionally disclosed information, acquired by virtue of their state employment, regarding the immigration status and national origin of New Mexico probationers to one or more agents of the United States Immigration and Customs Enforcement ("ICE") and, moreover, facilitated the arrest by ICE agents of New Mexico probationers. *See* Ex. 1 to Notice of Removal, Compl. for Decl. J., *State Ethics Comm'n v. Tafoya Lucero*, D-101-CV-2025-02343, filed Sept. 12, 2025 ("Compl."), ¶¶ 2, 12–76 (Doc. 1-1). NSPIA does not permit NMCD employees, absent a court order, to provide the immigration status and national origin of New Mexico probationers to federal ICE agents for the purpose of assisting in the enforcement of federal immigration laws. *See* N.M. Stat. Ann. § 10-16I-3 (2025). The Commission alleges the NMCD employees' conduct resulted in the detention and deportation of New Mexico probationers and severe hardships to their New Mexican and American family members. *See* Compl. ¶¶ 2, 24. The Commission, therefore, has good ground to commence a civil action in New Mexico district court against Defendant Alisha Tafoya Lucero, in her official capacity as NMCD Secretary, for injunctive relief to prevent violations of NSPIA. *Id.* ¶ 4.

The Commission, however, did not commence any coercive action against Defendant Tafoya Lucero or any other NMCD employees. The Commission is aware of a nationwide controversy whether two federal statutes—8 U.S.C. § 1373 and § 1644—lawfully prohibit state entities, like the Commission, from enforcing state laws, like NSPIA, that prohibit state employees from providing individuals' immigration status and national origin to federal ICE agents. This controversy extends to whether § 1373 and § 1644 lawfully prohibit state legislatures from enacting laws prohibiting state employees from providing such information to federal immigration officials.

On the one hand, in § 1373 and § 1644, Congress prohibited state entities and officials, including the Commission, from "*prohibit[ing], or in any way restrict[ing]*, any government entity or official from sending to . . . the Immigration and Naturalization Service information regarding the citizenship or immigration status, lawful or unlawful, of any individual." § 1373(a) (emphasis added); *see also* § 1644.[2]  The United States has recently sued Colorado state officials, asserting that § 1373 and § 1644 preempt a Colorado law prohibiting state employees from disclosing immigration and citizenship information for the purpose of assisting in federal immigration enforcement.  *See* First Am. Compl. ¶ 92, *United States v. Colorado, et al.*, No. 1:25-cv-01391-GPG-KAS (D. Colo. Aug. 25, 2025).

On the other hand, several courts have concluded that § 1373 and § 1644 do not preempt state statutes prohibiting state employees from providing information acquired through state employment to federal ICE agents.  *See, e.g.*, *United States v. California*, 921 F.3d 865, 887–89 (9th Cir. 2019); *Ocean Cnty. Bd. of Comm'rs v. Att'y Gen. of State of N.J.*, 8 F.4th 176, 181–82 (3d Cir. 2021); *Colorado v. United States Dep't of Just.*, 455 F.Supp.3d 1034, 1059 (D. Colo. 2020); *City of Philadelphia v. Sessions*, 309 F.Supp.3d 289, 329 (E.D. Pa. 2018), *aff'd in part, vacated in part sub nom. City of Philadelphia v. Att'y Gen. of the United States*, 916 F.3d 276 (3d Cir. 2019).  Moreover, courts have concluded that, under the Tenth Amendment to the United States Constitution, Congress may not lawfully constrain a state legislature from enacting, or a state agency from enforcing, state nondisclosure statutes, like NSPIA, that prohibit state

---

[2] Federal courts have treated § 1373 and § 1644 in tandem and identically.  *See, e.g.*, *Cnty. of Ocean v. Grewal*, 475 F. Supp. 3d 355, 371 (D.N.J. 2020), *aff'd sub nom. Ocean Cnty. Bd. of Commissioners v. Att'y Gen. of State of New Jersey*, 8 F.4th 176 (3d Cir. 2021); *City of Chicago v. Barr*, 405 F. Supp. 3d 748, 763 (N.D. Ill. 2019), *aff'd and remanded*, 957 F.3d 772 (7th Cir. 2020), *opinion amended and superseded*, 961 F.3d 882 (7th Cir. 2020), and *aff'd and remanded*, 961 F.3d 882 (7th Cir. 2020), and *opinion withdrawn in part*, 513 F. Supp. 3d 828 (N.D. Ill. 2021).

employees from disclosing information related to immigration status or national origin.  *See*, *e.g.*, *California*, 921 F.3d at 890–91; *City of Chicago v. Barr*, 961 F.3d 882, 908–09 (7th Cir. 2020); *Oregon v. Trump*, 406 F.Supp.3d 940, 971 (D. Or. 2019), *aff'd in part, vacated in part, remanded sub nom. City & Cnty. of San Francisco v. Garland*, 42 F.4th 1078 (9th Cir. 2022); *Colorado*, 455 F. Supp. 3d at 1059; *but see City of New York v. United States*, 179 F.3d 29, 34–35 (2d Cir. 1999).

Aware of the controversy concerning the potential legal effect of § 1373 and § 1644 on state nondisclosure laws, and reluctant to take any action that violates federal law, the Commission did not authorize a coercive civil action against Defendant Tafoya Lucero or any other NMCD employee to enforce NSPIA's penalty provision or to seek an injunction "to prevent a violation of [NSPIA.]" § 10-16I-4.  The bipartisan Commission instead sought a judicial resolution of whether, notwithstanding § 1373 and § 1644, the Commission may lawfully institute a civil action against Defendant Tafoya Lucero to prevent violations of NSPIA.  *See* Ex. 1 to Compl., N.M. State Ethics Comm'n Res. No. 2025-14 (Sept. 9, 2025).  Accordingly, on September 9, 2025, the Commission unanimously authorized the filing of a declaratory judgment action in any court of competent jurisdiction.  *See id.*

On September 12, 2025, the Commission filed a three-count declaratory judgment action against Defendant Tafoya Lucero in New Mexico's First Judicial District Court.  *See* Compl. Proceeding under New Mexico's Declaratory Judgment Act, N.M. Stat. Ann., §§ 44-6-1 to -15 (1975), the Commission requested declaratory relief that: (i) §§ 1373 and 1644 do not preempt NSPIA, *see* Compl. ¶¶ 109–126; (ii) §§ 1373 and 1644 could not preempt NSPIA because those federal statutes violate the anticommandeering rule of the Tenth Amendment, *see* Compl. ¶¶ 100–108; and (iii) NSPIA is not otherwise preempted under the doctrines of field preemption or

obstacle preemption, *see* Compl. ¶¶ 127–37.  Broadly stated, the Commission sought a declaratory judgment from a New Mexico court that federal law does not preempt either NSPIA's requirement that state employees not disclose immigration status and national origin to federal ICE agents or any civil action that NSPIA creates to enforce its nondisclosure requirement.

The Commission's choice of a state forum for a declaratory judgment action was dictated by *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950), and its progeny.  It is well settled that the FDJA, § 2201, is not an independent basis of the jurisdiction of the federal courts, and a party must therefore establish a separate source of subject matter jurisdiction for the federal courts to adjudicate a federal declaratory judgment claim.  *See, e.g.*, *Skelly Oil*, 339 U.S. at 671–72; *Amalgamated Sugar Co. v. Bergland*, 664 F.2d 818, 822 (10th Cir. 1981); *Schulke v. United States*, 544 F.2d 453, 455 (10th Cir. 1976) (citations omitted).  Because the federal preemption issues presented by the Commission's declaratory judgment action could arise only as *defenses* to the state-law cause of action created by NSPIA, *Skelly Oil* makes clear that the federal courts do not have jurisdiction for the Commission's declaratory judgment action.  339 U.S. at 673–74.  The FDJA would not have established subject matter jurisdiction for the Commission's request for a declaration regarding the nonavailability of federal preemption defenses to a state-law NSPIA claim, and the Commission's complaint raises no other claim.  Accordingly, the Commission filed its declaratory judgment action under the state declaratory judgment act in state court.  *See* Compl. at 1.

On October 17, 2025, Defendant Tafoya Lucero removed the Commission's state declaratory judgment action to federal court.  *See* Notice of Removal, filed Oct. 17, 2025 (Doc. 1).  As grounds for removal, Defendant Tafoya Lucero adverts to the counts of the Commission's declaratory judgment complaint, each of which seeks a resolution of questions of federal law.

*See id.* at 3; *see also* Compl. ¶¶ 100–137.  But, again, those questions of federal law concern only the nonavailability of a federal preemption *defense* to a state-law cause of action.  *See* Compl. ¶¶ 100–137.  As other grounds for removal, Defendant Tafoya Lucero adverts to the FDJA and Rule 57.  *See* Notice of Removal at 2.

The Commission now moves for remand—a result required by *Franchise Tax Board of California v. Construction Laborers Vacation Trust*.  There, the Supreme Court confirmed that *only* a state court has jurisdiction to adjudicate a declaratory judgment action, commenced by a state agency under a state declaratory judgment statute, seeking to establish the nonavailability of a defense that federal law preempts a state-law cause of action.  *See* 463 U.S. at 18–19.  Other federal courts have applied *Franchise Tax Board* to enforce the jurisdictional rules set forth in *Skelly Oil*, remanding state-law declaratory judgment complaints that seek to establish the nonavailability of federal defenses to state-law causes of action.  *See, e.g.*, *State v. Wayfair, Inc.*, 229 F. Supp. 3d 1026, 1028 (D.S.D. 2017); *Texas Mut. Ins. Co. v. PHI Air Med., LLC*, No. A-16-CA-387-SS, 2016 WL 8919378, at *2 (W.D. Tex. Aug. 15, 2016).  The Court should do so here.

## ARGUMENT

The Court lacks jurisdiction and should remand.  First, *Franchise Tax Board* requires remand because the Commission's complaint seeks a declaratory judgment regarding only the nonavailability of a federal preemption defense to a state-created action.  Second, the FDJA and Federal Rule of Civil Procedure 57 do not confer jurisdiction.  Third, the doctrine of complete preemption does not support removal jurisdiction because no federal cause of action supplants either the New Mexico declaratory judgment claims in the Commission's complaint or the NSPIA claim that is ultimately at issue.

**I.    The Court lacks jurisdiction because the federal questions presented by the Commission's declaratory judgment complaint concern only the nonavailability of anticipated federal preemption defenses to a state-law cause of action.**

"Federal courts are courts of limited jurisdiction; there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome." *New Mexico ex rel. Balderas v. Monsanto Co.*, 454 F. Supp. 3d 1132, 1138 (D.N.M. 2020) (citing *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001)). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [the federal courts'] constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005) (alteration added). "Federal courts, therefore, are to strictly construe removal statutes and to resolve all doubts against removal." *Trujillo v. Reynolds*, No. CIV 07-1077 JB/RLP, 2008 WL 2323521 at *2 (D.N.M. Jan. 17, 2008) (citing *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982)). "The removing party bears the burden of establishing the requirements for federal jurisdiction." *Id.* (citing *Martin*, 251 F.3d at 1290).

Defendant Tafoya Lucero cannot carry this burden. Under 28 U.S.C. § 1441, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Defendant Tafoya Lucero says that removal is proper under 28 U.S.C. § 1441(a) because the Commission's complaint establishes federal question jurisdiction under 28 U.S.C. § 1331.[3] *See*

---

[3] Defendant Tafoya Lucero does not argue there is any other basis for federal jurisdiction. *See* Notice of Removal at 3. A survey of other bases of federal subject matter jurisdiction confirms none apply: First, this Court lacks diversity jurisdiction because the parties are non-diverse. *See* 28 U.S.C. § 1332(a). Second, the Commission did not file a class action, and 28 U.S.C. § 1332(d) does not apply. Finally, complete preemption is not a basis for removal jurisdiction. *See infra.*, at § 3.

Notice of Removal at 3.  The well-pleaded complaint rule provides the long-established test for

federal question jurisdiction:

> [T]o find jurisdiction under 28 U.S.C. § 1331, two conditions must
> be satisfied.  *First*, a question of federal law must appear on the face
> of plaintiff's well-pleaded complaint.  *Second*, plaintiff's cause of
> action must either be (1) created by federal law, or (2) if it is a state-
> created cause of action, its resolution must necessarily turn on a
> substantial question of federal law.  A court examining whether a
> case turns on a [substantial] question of federal law [must] focus on
> whether Congress evidenced an intent to provide a federal forum.

*Nicodemus v. Union Pac. Corp.* ("*Nicodemus I*"), 318 F.3d 1231, 1235–36 (10th Cir. 2003)

(alterations original) (emphasis added) (quotation marks and citations omitted), *opinion*

*reinstated in part*, *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227 (10th Cir. 2006); *see also*

*Caterpillar*, 482 U.S. at 392 (finding federal question jurisdiction where "a federal question is

presented on the face of the plaintiff's properly pleaded complaint") (citing *Gully v. First Nat'l*

*Bank*, 299 U.S. 109, 112–113 (1936)).

### A. *Skelly Oil* and *Franchise Tax Board* guide the application of the well-pleaded complaint rule for declaratory judgment actions seeking to establish the nonavailability of a federal preemption defense to a state-created action.

The well-pleaded complaint rule has specific application for declaratory judgment actions

seeking to establish the nonavailability of a federal defense to a state-created action.  For such

actions, not only does the question of a federal defense appear on the face of the well-pleaded

complaint but also that question's resolution admittedly "is a necessary element of the

declaratory judgment claim."  *Franchise Tax Bd.*, 463 U.S. at 14.  Nevertheless, the Supreme

Court has repeatedly held that such declaratory judgment claims do not confer federal question

jurisdiction.  *See id.* at 18–19; *Skelly Oil Co.*, 339 U.S. at 673–74.

It is the longstanding law that "[a] defense that raises a federal question is inadequate to

confer federal jurisdiction."  *Nicodemus I*, 318 F.3d at 1236 (citing *Merrell Dow Pharms. Inc. v.*

*Thompson*, 478 U.S. 804, 808 (1986)); *see also Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908). "Federal-question jurisdiction is not present 'even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.'" *Nicodemus I*, 318 F.3d at 1236 (quoting *Franchise Tax Bd.*, 463 U.S. at 14). To preserve the law that a federal defense is insufficient to ground federal-question jurisdiction, the Supreme Court has repeatedly held that federal-question jurisdiction is unavailable for declaratory judgment complaints seeking to establish the nonavailability of a federal defense to a state-law claim. The Supreme Court has reached this holding both where a federal declaratory judgment complaint is originally filed in federal court, *see Skelly Oil*, 339 U.S. at 673–74, and where a state declaratory judgment complaint is filed state court and then removed to federal court, *see Franchise Tax Bd.*, 463 U.S. at 18–19.

In *Skelly Oil*, Phillips Petroleum brought a federal declaratory judgment action in federal court, seeking a declaration concerning the nonavailability of Skelly Oil's federal-law defense to Phillips Petroleum's state-law breach-of-contract action. The Supreme Court held that the federal courts lack jurisdiction for a FDJA action, like that asserted by Phillips Petroleum, requesting a declaration regarding the nonavailability of a federal defense to a state-created action. 339 U.S. at 673–74. The *Skelly Oil* court reasoned that because the FDJA is procedural only and, thus, does not alter the jurisdictional requirements of the federal courts, the FDJA does not permit a plaintiff to circumvent the well-pleaded complaint rule by seeking a federal declaratory judgment to establish that a defendant lacks a federal defense to the plaintiff's state-created claim. *See id.* The Court explained:

> To sanction suits for declaratory relief as within the jurisdiction of
> the District Courts merely because, as in this case, artful pleading
> anticipates a defense based on federal law would contravene the
> whole trend of jurisdictional legislation by Congress, disregard the

> effective functioning of the federal judicial system and distort the
> limited procedural purpose of the Declaratory Judgment Act.

*Id.*

In *Franchise Tax Board*, the Supreme Court applied the rule set forth in *Skelly Oil* to the

removal context.  In *Franchise Tax Board*, a California state agency filed suit in California state

court, asserting (i) a claim for unpaid taxes by the Construction Laborers Vacation Trust and (ii)

a declaratory judgment claim, brought under the California declaratory judgment act, that the

Employee Retirement Income Security Act of 1974 ("ERISA") did not preempt the state

agency's ability to obtain unpaid taxes from the defendant trust.  *See* 463 U.S. at 5–6.  The

defendant trust removed the case to federal court, and the Supreme Court held the "federal courts

do not have original jurisdiction, nor do they acquire jurisdiction on removal, when a federal

question is presented by a complaint for a state declaratory judgment, but *Skelly Oil* would bar

jurisdiction if the plaintiff had sought a federal declaratory judgment."  *Id.* at 19.  In other words,

under *Franchise Tax Board*, federal courts lack removal jurisdiction for a state declaratory

judgment action where the federal questions presented arise only because a plaintiff state agency

seeks to establish that the defendant lacks a federal preemption defense to a state-created cause

of action.  *See id.*

**B.    *Skelly Oil* and *Franchise Tax Board* squarely require remand.**

*Skelly Oil* and *Franchise Tax Board* require remand.  The Commission's three state

declaratory judgment claims seek to establish that Defendant Tafoya Lucero does not have an

availing federal preemption defense to a NSPIA claim for injunctive relief.  First, the

Commission seeks a declaration that, under federal preemption principles, § 1373 and § 1644 do

not preempt a NSPIA claim for injunctive relief against Defendant Tafoya Lucero.  *See* Compl.

¶¶ 109–126.  Next, the Commission seeks a declaration that § 1373 and § 1644 could not

preempt a NSPIA claim against Defendant Tafoya Lucero, because § 1373 and § 1644 themselves contravene the anticommandeering rule of the Tenth Amendment. *See* Compl. ¶¶ 100–108. Finally, the Commission seeks a declaration that other bases of federal preemption, sounding in field and obstacle preemption principles, do not preempt a NSPIA claim against Defendant Tafoya Lucero. *See* Compl. ¶¶ 127–37. Each of the Commission's declaratory judgment claims, therefore, focus only on the nonavailability of a federal preemption defense to a state-created NSPIA claim.

If the Commission had filed an FDJA action in federal court seeking only a declaration that federal immigration law does not preempt a NSPIA-created claim, *Skelly Oil* would have barred the federal court's jurisdiction. *See* 339 U.S. at 673–74. To see why, consider the situation had the Commission chosen to file, instead of a declaratory judgment action, a single claim for injunctive relief under NSPIA. The Commission could have filed a NSPIA claim in state court only. In that instance, Defendant Tafoya Lucero could have raised as defenses the same federal preemption issues presented in the Commission's declaratory judgment complaint. But in no circumstance would her federal preemption defenses afford a basis for removal jurisdiction. *See, e.g.*, *Merrell Dow*, 478 U.S. at 808 ("A defense that raises a federal question is inadequate to confer federal jurisdiction." (citing *Mottley,* 211 U.S. 149)). Accordingly, under *Skelly Oil*, the federal court lacks jurisdiction for the Commission's declaratory action to establish the nonavailability of a federal preemption defense. *Franchise Tax Bd.*, 463 U.S. at 19; *see also id.* at 16 ("*Skelly Oil* has come to stand for the proposition that 'if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking.'" (quoting 10A C Charles Allen Wright, Arthur Miller, et al., *Fed. Prac. & Proc. Juris*. § 2767 (2d ed.)). Under *Franchise Tax Board*, therefore, the Commission's

state declaratory judgment claims are not properly removable to federal court. *See* 463 U.S. at 19. Remand is required.

Furthermore, the Commission does *not* seek a declaration regarding any federal cause of action that Defendant Tafoya Lucero could assert against the Commission. To be sure, the federal courts may exercise jurisdiction for declaratory-judgment suits that a declaratory-judgment plaintiff files to precipitate a federal cause of action that the declaratory-judgment defendant could bring in federal court against the declaratory-judgment plaintiff. *See, e.g.*, *Franchise Tax Bd.*, 463 U.S. at 20 n.19 (recognizing federal jurisdiction for declaratory judgment suits by an alleged patent infringer to declare a patent invalid because the federal courts would have jurisdiction for an infringement suit that the declaratory-judgment defendant (i.e., the patentee) could assert against the declaratory-judgment plaintiff (i.e., the alleged patent infringer) (citing *E. Edelmann & Co. v. Triple-A Specialty Co.*, 88 F.2d 852 (CA7 1937); Hart & Wechsler, *The Federal Courts and the Federal System* 896–897 (2d ed. 1973)); *see also, e.g.*, *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th Cir. 1996) ("[F]ederal question jurisdiction exists in a declaratory judgment action if the potential suit by the declaratory judgment defendant would arise under federal law." (citing *Mobil Oil Corp. v. City of Long Beach*, 772 F.2d 534, 539–40 (9th Cir.1985), and *Franchise Tax Bd.,* 463 U.S. at 19 & n.19). Again, the Commission's declaratory judgment claims seek to establish the nonavailability of a federal preemption defense to a state-created NSPIA claim—*not* to dispel some cloud hanging over the Commission created by a potential federal claim against the agency, as is the case when an alleged patent infringer sues "for a declaration that a patent is invalid." *State ex rel. Barra v. Archer Daniels Midland Co.*, 704 F.2d 935, 939–40 (7th Cir. 1983) (Posner, J.) (citations omitted). Defendant Tafoya Lucero does not have a coercive federal

cause of action against the Commission, and her Notice of Removal certainly does not mention one.

But even if Defendant Tafoya Lucero could posit a federal action for injunctive relief that an adjudication of the Commission's declaratory judgment claims would necessarily resolve, *Franchise Tax Board* makes clear that the Court nevertheless lacks jurisdiction for the Commission's declaratory judgment claims to establish the validity of NSPIA. Focusing particularly on reasons of comity and federalism, *Franchise Tax Board* concluded:

> If [the defendant trust] could have sought an injunction under ERISA against application to it of state regulations that require acts inconsistent with ERISA, does a declaratory judgment suit by the State "arise under" federal law? We think not. . . . There are good reasons why the federal courts should not entertain suits by the States to declare the validity of their regulations despite possibly conflicting federal law.

463 U.S. at 20; *see also Bell & Beckwith v. U.S.I.R.S.*, 766 F.2d 910, 913 (6th Cir. 1985) (observing that federal courts lack jurisdiction for declaratory judgment suits where the declaratory judgment defendant could bring a coercive action that arises under federal law "when [a] state seeks declaratory judgment because state should use its own courts" (citing *Franchise Tax Bd.*, 463 U.S. at 5–7)). Accordingly, even if the Commission sought to establish the nonavailability not only of a federal preemption defense but also (counterfactually) of a federal claim against the agency, the Court would still lack jurisdiction under *Franchise Tax Board*.

The Court therefore should respectfully remand this case to state court. The straightforward application of Supreme Court precedent requires that result, as numerous other federal courts have recognized in analogous circumstances. *See, e.g.*, *Wayfair, Inc.*, 229 F. Supp. 3d at 1028 ("Because there is no federal jurisdiction over this state taxation case based on *Franchise Tax Board* . . . , this Court remands the case to state court."); *Texas Mut. Ins. Co.*,

2016 WL 8919378, at *2 (W.D. Tex. Aug. 15, 2016) (remanding Texas declaratory judgment claim that the federal Airline Deregulation Act does not preempt limitations on reimbursement to air ambulance services set by Texas Workers' Compensation Act); *cf. also Barra*, 704 F.2d at 943 (decided when *Franchise Tax Board* was pending and holding that the federal courts lacked jurisdiction for a removed declaratory judgment action to determine that provisions of the National Labor Relations Act did not preempt a state criminal action to enforce the Illinois Strikebreakers Act).

C.     **The Commission's declaratory judgment claims do not fall within the "slim category" of state-law claims containing an embedded federal question for which there is federal question jurisdiction.**

Remand also follows from the application of the Supreme Court's more recently stated substantial federal question jurisprudence. *See Gunn v. Minton*, 568 U.S. 251, 258 (2013); *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–14 (2005); *accord Nicodemus I*, 318 F.3d at 1235–36. The Supreme Court has recognized that federal question jurisdiction is available for the "slim category" of *state law claims* that include a substantial, disputed question of federal law as a necessary element. *Gunn*, 568 U.S. at 258. The "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 808. Rather, federal question jurisdiction reaches only those state law claims where "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, *and* (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258; *see also Grable*, 545 U.S. at 313–14.

The Commission's declaratory judgment claims do not fall within this "slim category" of state-created claims. First, the first *Gunn-Grable* condition is unmet. When considering whether

15

a federal issue is necessarily raised for the purpose of applying the *Gunn-Grable* test to a state court declaratory judgment claim, federal courts have looked to the underlying state-law claim that is ultimately at issue.  *See Wayfair*, 229 F. Supp. 3d at 1034 (concluding that South Dakota's declaratory judgment complaint did not satisfy the first condition of the *Gunn-Grable* test because the state sought a declaration concerning a Commerce Clause *defense* to a state-created tax claim).  Like the South Dakota claim at issue in *Wayfair*, the substantial federal issue raised by the Commission's declaratory judgment claims concerns the availability of a federal preemption defense to a state-created claim.  That federal issue is not a necessary element of the underlying NSPIA claim that is the ultimate concern of the Commission's declaratory judgment action.  Therefore, the relevant, underlying NSPIA claim does not "necessarily raise[]" any federal issue.  *Gunn*, 568 U.S. at 258.

More importantly, the fourth *Gunn-Grable* condition is also unmet.  The Commission's state declaratory judgment complaint does not include a claim "which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Grable*, 545 U.S. at 314.  This conclusion follows directly from *Franchise Tax Board*.  There, the Supreme Court concluded "[t]he situation presented by a State's suit for a declaration of the validity of state law," like the Commission's declaratory judgment suit here, "is sufficiently removed from the spirit of necessity and careful limitation of district court jurisdiction . . . to convince us that, until Congress informs us otherwise, such a suit is not within the original jurisdiction of the United States district courts."  *Franchise Tax Bd.*, 463 U.S. at 21–22.  The Supreme Court explained why removal jurisdiction for state declaratory judgment claims seeking resolution on federal preemption defenses would disturb the federal-state balance and, therefore, is unavailing:

> There are good reasons why the federal courts should not entertain
> suits by the States to declare the validity of their regulations despite
> possibly conflicting federal law. States are not significantly
> prejudiced by an inability to come to federal court for a declaratory
> judgment in advance of a possible injunctive suit by a person subject
> to federal regulation. They have a variety of means by which they
> can enforce their own laws in their own courts, and they do not
> suffer if the preemption questions such enforcement may raise are
> tested there. . . . Accordingly, it is perhaps appropriate to note that
> considerations of comity make us reluctant to snatch cases which a
> State has brought from the courts of that State, unless some clear
> rule demands it.

463 U.S. at 21 & n.22.

The federalism and comity concerns on which *Franchise Tax Board* based its holding are

particularly on display in this case. NSPIA creates a cause of action that may be asserted only by

New Mexico constitutional agencies against only New Mexico officers and employees to enforce

duties that concern information only acquired by virtue of New Mexico public employment. *See*

§§ 10-16I-3–4. The Commission, being one of the New Mexico constitutional state agencies

authorized to enforce NSPIA, asserted New Mexico declaratory judgment claims in New Mexico

court seeking to establish the nonavailability of a federal preemption defense to this state action.

New Mexico's First Judicial District Court is entirely able to determine whether

Defendant Tafoya Lucero has a federal preemption defense to a NSPIA enforcement action. It is

axiomatic that state courts are competent to decide questions of federal law that are implicated

by the application of state statutes. *See, e.g.*, *McKesson v. Doe*, 592 U.S. 1, 5, (2020) ("Our

system of 'cooperative judicial federalism' presumes federal and state courts alike are competent

to apply federal and state law." (citation and quotation marks omitted)). It is equally axiomatic

that state courts are fully competent to decide federal defenses to state-law claims. *Bd. of Cnty.*

*Comm'rs of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1267 (10th Cir. 2022)

(quoting *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990)) (identifying "a tenet of dual sovereignty—that state courts 'have inherent authority, and are thus presumptively competent' to address federal issues, including federal defenses"). Since 1888, the Supreme Court has assigned to state courts the role of adjudicating federal defenses to complaints filed in state court asserting only state-created claims.[4] The Supreme Court's declaratory-judgment cases have been careful to protect that long settled jurisdictional balance. The exercise of federal jurisdiction here would not only upset this longstanding federal-state balance, but also would improperly suggest that New Mexico courts are somehow incompetent to decide the federal preemption and Tenth Amendment questions at issue in the Commission's state declaratory judgment claims.[5] And if the Court has any doubts about how the federalism and comity concerns at issue here indicate

---

[4] *See Mottley*, 211 U.S. at 154 (citing *Metcalf v. City of Watertown*, 128 U.S. 586 (1888), as the Supreme Court's first announcement of its interpretation of the well-pleaded complaint rule that federal question jurisdiction cannot be based on an anticipated defense).

[5] In *Wayfair*, for example, the District Court was careful to avoid such a result:

> Precedents of the Supreme Court being binding on state courts thus appears to be part of the "congressionally approved balance of federal and state judicial responsibilities." To seize federal jurisdiction contrary to the direct holding of *Franchise Tax Board* could improperly suggest that this Court thought South Dakota state courts somehow incompetent to follow that directive.

*See Wayfair*, 229 F. Supp. 3d at 1035 (quoting *Grable*, 545 U.S. at 314, and citing *Wisconsin v. Constantineau*, 400 U.S. 433, 440 (1971) (Berger, C.J., dissenting)). The subsequent procedural history in *Wayfair* is instructive. After the federal district court remanded the case to state court, the South Dakota trial court entered the summary judgment order that Wayfair requested—namely, that under binding Commerce Clause precedents, South Dakota's tax was unconstitutional. The South Dakota Supreme Court affirmed, and the Supreme Court granted certiorari and vacated, overruling prior Commerce Clause precedents that a State may only tax a seller with a physical presence within the State. *See South Dakota v. Wayfair*, 585 U.S. 162, 170–171, 188 (2018). Hence, following remand, a federal issue was competently and faithfully adjudicated by the South Dakota courts, allowing the U.S. Supreme Court to grant certiorari and review and revise its Commerce Clause jurisprudence.

that this case is not capable of resolution by the federal courts without disrupting the federal-state

balance, those doubts are resolved in favor of remand.  *See, e.g.*, *Fajen*, 683 F.2d at 333

("Federal courts, therefore, are . . . to resolve all doubts against removal.").  Accordingly, the

Commission's declaratory judgment claims are not within the "slim category" of state-created

claims for which the *Gunn-Grable* test confers federal question jurisdiction.  *Gunn*, 568 U.S. at

258.

## II.     The federal Declaratory Judgment Act and Federal Rule of Civil Procedure 57 do not support jurisdiction.

In addition to her assertion of federal question jurisdiction, Defendant Tafoya Lucero also

contends that she removed this case "pursuant to the Declaratory Judgment Act, 28 U.S.C. §

2201 and Fed. R. Civ. P. 57."  Notice of Removal, at 2.  Defendant Tafoya Lucero's reliance on

28 U.S.C. § 2201 and  Federal Rule of Civil Procedure 57 is unsound.  Neither is a basis for

removal jurisdiction.

"The Tenth Circuit has held that the Declaratory Judgment Act provides no independent

basis for federal subject-matter jurisdiction."  *Wells Fargo Bank, Nat. Ass'n v. Se. N.M.*

*Affordable Hous. Corp.*, 877 F. Supp. 2d 1115, 1160 (D.N.M. 2012) (citing *Henry v. Office of*

*Thrift Supervision,* 43 F.3d 507, 512 (10th Cir. 1994) ("Whereas the APA confers jurisdiction in

some cases, the Declaratory Judgment Act ([F]DJA) does not itself confer jurisdiction on a

federal court where none otherwise exists.")); *see also Devon Energy Prod. Co., L.P. v. Mosaic*

*Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012) ("[T]he Declaratory Judgment Act

'does not confer jurisdiction upon federal courts, so the power to issue declaratory judgments

must lie in some independent basis of jurisdiction.'" (citation omitted)).  Nor could Rule 57

furnish a basis for jurisdiction.  "[I]t is axiomatic that the Federal Rules of Civil Procedure do not

create or withdraw federal jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978).

Moreover, Defendant Tafoya Lucero's reliance on the FDJA and Rule 57 are inapposite. The Commission brought its state declaratory judgment complaint under New Mexico's Declaratory Judgment Act, not the FDJA. It is uncertain that the Commission's state declaratory judgment claims automatically become FDJA claims upon removal to federal court.[6] But even if that were the case, absent some non-declaratory claim supplying a separate and independent ground of federal jurisdiction, the Commission could not have filed the declaratory-judgement claims stated in its well-pleaded complaint under the FDJA in federal court. *See, e.g.*, *Skelly Oil*, 339 U.S. at 673–74. Contrary to Defendant's suggestion, the FDJA and Rule 57 do not confer jurisdiction and, therefore, do not support removal.

## III.    The doctrine of complete preemption does not supply a basis for federal question jurisdiction.

Complete preemption is not a basis for federal jurisdiction in this case. An exception to the well-pleaded complaint rule, the doctrine of "complete preemption" recognizes federal jurisdiction for a *very limited* set of state law claims that, even though they might make no mention of any federal issue, are "necessarily federal in character." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987); *see also Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (1996). As a leading treatise has explained,

---

[6] *Compare Realbook, LLC v. RSUI Indem. Co.*, No. 2:24-CV-407-JES-KCD, 2024 WL 4002988, at *3 (M.D. Fla. Aug. 30, 2024) ("[T]here is no requirement that its state-law declaratory judgment action be re-characterized as a federal declaratory judgment action upon removal to federal court."), *with Jones v. Sears Roebuck & Co.*, 301 F. App'x 276, 281 n.12 (4th Cir. 2008) ("Although the State Complaint purported to invoke West Virginia's Declaratory Judgment Act, we apply the federal Declaratory Judgment Act in this proceeding" (citing *Chapman v. Clarendon Nat'l Ins. Co.,* 299 F.Supp.2d 559, 562–63 (E.D. Va. 2004) (holding that removal of state declaratory judgment action invokes § 2201))).

> [complete preemption] is based on the theory that some federal statutes have such an overwhelming preemptive effect that they do more than merely provide a defense to a state-law claim. Rather, they take over an entire substantive subject matter area, supplant state law, and make the area inherently federal. Any claim asserted in that substantive area—even a claim ostensibly based upon state law—is thus federal and the claim necessarily arises under federal law and invokes federal question jurisdiction.

13D Charles Allen Wright, Arthur Miller, et al., *Fed. Prac. & Proc. Juris*. § 3566 (3d ed.); *see also Schmeling*, 97 F.3d at 1339.

The doctrine of complete preemption has a very limited application, however, and "[b]y no means does every federal preemption defense invoke the doctrine[.]" *Schmeling*, 97 F.3d at 1339. Complete preemption is "not as a crude measure of the breadth of the preemption (in the ordinary sense) of a state law by a federal law[.]" *Id.* at 1342. Rather, the doctrine targets "the specific situation in which a federal law not only preempts a state law to some degree but also substitutes a federal cause of action for the state cause of action, thereby manifesting Congress's intent to permit removal." *Id.* Accordingly, when evaluating jurisdiction under complete preemption, the Court does not consider whether a federal statute preempts the plaintiff's state-created action; rather, to exercise complete-preemption jurisdiction, the Court must identify a federal cause of action that supplants the plaintiff's state-created cause of action. *See id.*[7]

---

[7] The requirement of a federal cause of action enables the Court to determine complete-preemption jurisdiction for a state-law cause of action without the need to consider the merits of a federal preemption defense. *See Schmeling*, 97 F.3d at 1344–45. The Tenth Circuit explained:

> Were we to read the complete preemption doctrine as requiring only a certain degree of ordinary preemption, rather than the replacement of a state cause of action, we might or might not hold that removal was proper. In light of our contrary interpretation of the doctrine and our holding that [plaintiff] does not have a federal cause of action, however, we need not reach the merits of [defendant]'s preemption defense and leave this issue for the state court to decide.

No federal cause of action supplants either the Commission's state declaratory judgment claim or the NSPIA claim that is the ultimate concern of the Commission's declaratory judgment complaint.  First, the FDJA, § 2201, does not confer complete-preemption jurisdiction for state declaratory judgment claims.  *See, e.g.*, *Realbook*, 2024 WL 4002988, at *3 ("Nothing in the Federal Declaratory Judgment Act satisfies these requirements for complete pre-emption of claims brought under a state declaratory judgment act.").  This is an easy conclusion, because "the [federal] Declaratory Judgment Act alone does not create a federal cause of action[,]" and, again, does not supply an independent basis for federal jurisdiction.  *Rolle v. Litkovitz*, No. CV 1:21-230-DCR, 2021 WL 1546110, at *3 (S.D. Ohio Apr. 20, 2021) (citing § 2201 and *Franchise Tax Bd.*, 463 U.S. at 15–19).  Moreover, when enacting the FDJA, Congress manifestly did not intend to supplant all state declaratory judgment actions so that federal courts exclusively could decide such cases. *See Franchise Tax Bd*, 463 U.S. at 17 (noting *Skelly Oil*'s "emphasis that the [federal] Declaratory Judgment Act was intended to affect only the remedies available in a federal district court, not the court's jurisdiction, was critical to the [*Skelly Oil*] Court's reasoning").

Turning then to the NSPIA claim at the heart of the Commission's state declaratory judgment complaint, no federal cause of action supplants it either.  While the parties dispute whether the federal immigration statutes in Title 8 (generally) or § 1373 or § 1644 (specifically) preempts specific NSPIA claims against New Mexico employees for disclosing immigration status or citizenship information to federal ICE agents, complete-preemption jurisdiction requires

---

*Id.* at 1344–45 (citing *Franchise Tax Bd.*, 463 U.S. at 7, 26)).

more than a preemption defense. *Schmeling*, 97 F.3d at 1342. It requires a federal cause of action that Congress intended to supplant a certain set of state-created causes of action. *Id*.

Again, there is none. There is no federal claim that Congress created with an intention to replace the claim that the New Mexico Legislature created in NSPIA. Other federal district courts have declined to find any basis for complete preemption in federal immigration statutes. *See Cuomo v. Dreamland Amusements, Inc.*, No. 08 CIV.6321 JGK, 2008 WL 4369270, at *4 (S.D.N.Y. Sept. 22, 2008) (granting motion to remand and concluding "federal immigration law does not completely preempt state law claims coming within the scope of federal immigration statutes"); *see also Robledo v. Mi Pueblo Food Ctr.*, No. 11-CV-1539 PSG, 2011 WL 2883478, at *2 (N.D. Cal. July 15, 2011) (granting motion to remand and concluding federal immigration law does not ground complete-preemption jurisdiction for state unfair-employment-practices claims); *Collins v. Molina*, No. 4:08-CV-0461, 2008 WL 8469152, at *4 (S.D. Tex. May 9, 2008) (granting motion to remand and concluding 8 U.S.C. § 1324 does not contain "a civil enforcement action that creates a cause of action that both replaces and protects the analogous area of state law"). In short, "[f]ederal immigration statutes are not included among the four enumerated statutes with extraordinary preemptive force that have been recognized . . . by the Supreme Court." *Id.* (citations omitted); *see also* 13 *Fed. Prac. & Proc. Juris.* § 3522 (discussing the four federal statutes that create federal causes of action with complete preemptive effect: (i) Section 301 of the Labor Management Relations Act; (ii) Section 502(a) of ERISA; (iii) provisions of federal Indian law; and (iv) provisions of the National Bank Act).

Considering that Defendant Tafoya Lucero does not even reference the doctrine of complete preemption in her Notice of Removal, she offers no federal cause of action that could supply a basis for the Court to exercise removal jurisdiction under complete preemption. Even if

she had, "[e]xpansion of the existing categories is discouraged." *Cuomo*, 2008 WL 4369270, at

*4 (citing *Bill Johnson's Restaurants, Inc. v. N.L.R.B.,* 461 U.S. 731, 752 (1983) (warning that

"complete preemption is not lightly implied"); *Fayard v. Northeast Vehicle Services, LLC*, 533

F.3d 42, 48 (1st Cir. 2008) ("[T]he Supreme Court has described complete preemption as a

'narrow exception' to the usual rule against federal jurisdiction or removal premised merely

upon a prospective federal defense. Both jurisdiction and removal are primarily creatures of

Congress; and the balance Congress has struck should not lightly be disregarded.  Congress has

only rarely chosen to make a federal defense the basis for federal jurisdiction or removal . . . ."

(internal citations and quotations marks omitted)).  Absent a federal cause of action that not only

supplants NSPIA but also evinces Congress's intent for federal jurisdiction of all claims against

state employees for providing information to federal immigration agents, the doctrine of

complete preemption does not support removal jurisdiction for the Commission's claims in this

case.

## CONCLUSION

The Court lacks jurisdiction and, therefore, should respectfully remand this case to New

Mexico's First Judicial District Court.

Respectfully submitted: October 31, 2025

By: /s/ *Jeremy Farris*
Jeremy Farris
Connor Woods
NEW MEXICO STATE ETHICS
COMMISSION
800 Bradbury Dr. SE, Suite 215
Albuquerque, NM 87106
(505) 827 7800
jeremy.farris@sec.nm.gov
connor.woods@sec.nm.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2025, I filed and served a true and correct copy of the foregoing on all counsel of record via filing with the CM/ECF filing system.

I further certify that on October 31, 2025, a true and correct copy of the foregoing was emailed to the following counsel of record:

Eric Loman
JACKSON LOMAN STANFORD
DOWNEY & STEVENS-BLOCK, P.C.
201 3rd St. NW
Albuquerque, NM 87102
(505) 767 0577
eric@jacksonlomanlaw.com

*Counsel for the Defendant*

By: /s/ *Jeremy Farris*
Jeremy Farris
NEW MEXICO STATE ETHICS
COMMISSION
800 Bradbury Dr. SE, Suite 215
Albuquerque, NM 87106
(505) 827-7800
jeremy.farris@sec.nm.gov