IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE ETHICS COMMISSION

    Plaintiff,

v.                                                                          1:25-cv-1032 DHU/LF

ALISHA TAFOYA LUCERO, in her
official capacity as the secretary of the
New Mexico Corrections Department,

    Defendant.

## DEFENDANT'S RESPONSE TO MOTION TO REMAND

Defendant Alisha Tafoya Lucero, by and through her counsel, Jackson Loman Downey & Stevens-Block, P.C. (Eric Loman) submits the following in response to Plaintiff's Motion to Remand (Doc. 8).

## Introduction

Defendant does not plead preemption as a defense to a claim for violation of NSPIA[1]. Indeed, Plaintiff's Complaint does not contain a claim for violation of NSPIA. The Complaint seeks only declaratory judgment that NSPIA is not preempted by federal law or otherwise unconstitutional. As such, Plaintiff has put the constitutionality of a state statute before the Court as the primary inquiry in its Complaint. The only claims in Plaintiff's Complaint necessarily and substantially require interpretation and application of federal law. Removal is proper and the Motion should be denied.

## Points and Authority

Plaintiff's Complaint contains three causes of action, all asking the Court to determine whether federal law invalidates NSPIA. The first seeks an order declaring that certain federal

---

[1] New Mexico Nondisclosure of Sensitive Personal Information Act, N.M.S.A. § 41-4I-1, *et seq.*

1

immigration statutes do not violate the anti-commandeering doctrine rooted in the Tenth Amendment of the U.S Constitution. The other causes of action seek rulings on federal preemption doctrines. These are federal questions that belong in this Court.

    I.    <u>The Substantial Question Doctrine Confers Jurisdiction Upon This Court.</u>

A defendant is entitled to remove an action if the plaintiff could have brought it in federal district court originally as a civil action "arising under the Constitution, laws, or treaties of the United States," <u>Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308, 312, 125 S. Ct. 2363, 2366 (2005). While federal question removal is usually invoked where the plaintiff pleads "a cause of action created by federal law (e.g. claims under 42 U.S.C. § 1983)," there is another "variety of federal "arising under" jurisdiction, this Court having recognized for nearly 100 years that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Id.* The substantial question "doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.* at 312, 2367.

Following *Grable*, the Supreme Court further defined the substantial question doctrine by holding "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met[,] jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting

Congress's intended division of labor between state and federal courts." *Gunn v. Minton*, 568 U.S. 251, 258, 133 S. Ct. 1059, 1065 (2013) (citing *Grable*). These four factors are addressed below.

    a.    Federal questions are necessarily raised by Plaintiff's Complaint.

It should be undisputed that Plaintiff's Complaint raises federal issues. Indeed, each of the three causes of action require application of federal law and/or constitutional principles.

    b.    The Federal issues in the Complaint are actually disputed.

The parties dispute whether the anti-commandeering doctrine of the Tenth Amendment to the U.S. Constitution and various federal immigration statutes operate to invalidate certain provisions of NSPIA.

    c.    These issues are substantial.

For an issue to be substantial in this context, "it is not enough that the federal issue be significant to the particular parties in the immediate suit; that will *always* be true when the state claim "necessarily raise[s]" a disputed federal issue, as *Grable* separately requires. The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260 (citing *Grable*).

The ramifications of the instant case go far beyond its own facts and parties. NSPIA is a new statute that has never been applied or tested. New Mexico has never attempted to place any similar restriction on its own employees, and the resolution of this case will affect how every State agency and employee is permitted to communicate with outside law enforcement agencies. Indeed, as Plaintiff points out, a very similar (if not parallel) case is already pending in the District of Colorado. <u>See</u>, *U.S. v. Colorado, et al*, 1:25-cv-01391-GPG-KAS (D. Colo.). The issues raised in the Complaint affect the relationship between federal government and all New Mexico State agencies, as well as perhaps other states. These issues are 'substantial.'

d.        Removal of this case does not upset the traditional Federal-State balance.

National immigration policy is undoubtedly a federal responsibility. The United States Constitution charges Congress with the power to "establish an uniform Rule of Naturalization…" U.S. Const., Art. I, § 8, cl. 4. *See also, Arizona v. United States*, 567 U.S. 387, 408 (2012) (noting Congress does not allow States to create their own immigration policy);*Galvan v. Press,* 347 U.S. 522, 531, 74 S.Ct. 737 (1954) ( "Policies pertaining to the entry of aliens and their right to remain here are ... entrusted exclusively to Congress ..."); *Truax v. Raich,* 239 U.S. 33, 42, 36 S.Ct. 7 (1915) ("The authority to control immigration—to admit or exclude aliens—is vested solely in the Federal Government").

This is not a case that invokes traditional questions of state law. Rather, Plaintiff has sought review of whether NSPIA conflicts with existing federal immigration statutes and the Tenth Amendment. These are federal questions that should be determined by a federal court.

II.    The Federal Declaratory Judgment Act Is A Proper
       <u>Vehicle To Challenge The Constitutionality Of A State Statute.</u>

As noted above, removal is available if the case could have been originally filed in federal court. *Grable, supra,* 545 U.S. at 312. This Court has "original jurisdiction of any civil action … to redress deprivation, under color of any … statute… of any right, privilege or immunity secured by the Constitution of the Unted States." 28 U.S.C. § 1343. The threatened claim in this case would be made under color of a State statute- NSPIA- and would violate constitutional principles under the Supremacy Clause.

Further, the Supreme Court has held the federal Declaratory Judgment Act permits a claim to challenge the constitutionality of a state statute. In *Steffel v. Thompson*, 415 U.S. 452, 463 (1974), the Court held where "no state prosecution is pending and the only question is whether

4

declaratory relief is appropriate, the congressional scheme that makes the federal courts the primary guardians of constitutional rights, and the express congressional authorization of declaratory relief … become the factors of primary significance." (citing *Perez v. Ledesma*, 401 U.S. 82, 104 (1971). This holding built on the Court's prior decisions that "state officials who threaten to enjoin an unconstitutional state statute may be enjoined by a federal court of equity and that a federal court may, in appropriate circumstances, enjoin future state criminal prosecutions under the unconstitutional Act have established the modern framework for federal protection of constitutional rights from state interference." *Id.* 464-65.

In enacting the Declaratory Judgment Act, "Congress plainly intended declaratory relief to act as an alternative to the strong medicine of the injunction and to be utilized to test the constitutionality of state criminal statutes." *Id.* at 466. If a "plaintiff could not obtain a declaratory judgment that a local ordinance was unconstitutional when no state prosecution is pending… the Federal Declaratory Judgment Act would have been *pro tanto* repealed." *Id.* at 471 (citing *Perez* at 116). The Court "recogniz[ed] the paramount role Congress has assigned to the federal courts to protect constitutional rights." *Id.* at 473.

The Court "[held] that regardless of whether injunctive relief may be appropriate, federal declaratory relief is not precluded when no state prosecution is pending and a federal plaintiff demonstrates a genuine threat of enforcement of a disputed state criminal statute, whether an attack is made on the constitutionality of the statute on its face or as applied." *Id.* at 475.[2]

---

[2] Courts have applied these same principles to non-criminal statutes and ordinances. *See, e.g., Nat'l Ass'n of Tobacco Outlets, Inc. v. City of Worcester, Mass.,* 851 F. Supp. 2d 311, 314 (D. Mass. 2012) (issuing a declaratory judgment on the constitutionality of an ordinance banning advertising of tobacco products and noting a "transaction need not be criminal to be illegal.")

5

Here, Plaintiff seeks declaratory judgment on the constitutionality of NSPIA. That claim could have been initiated in this Court under the federal Declaratory Judgment Act because there is no active claim in State Court for violation of NSPIA, although there is a threat of enforcement of that disputed state statute.  The Motion should be denied.

   III. <u>Plaintiff's Reliance On *Skelly Oil* and *Franchise Tax* is misplaced.</u>

The Motion relies heavily on the holdings of *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950) and *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983).

In *Franchise Tax*, the Court held "a federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise." *Id.* at 10.  In that case, the allegations of the complaint show that "likely, in the course of litigation, a question under the Constitution would arise, they do not show that …plaintiff's original cause of action arises under the Constitution." *Id.*

In this case, the Complaint does not present a state-law cause of action, i.e. it does not have a claim for violation of NSPIA.  The Complaint does not describe some defense Defendant might make during the course of litigation.  Rather, the Complaint contains three counts for declaratory judgment on the constitutionality of NSPIA.

Further, in dicta *Franchise Tax* notes that even where state law creates the cause of action, the case "might still arise under the law of the United States" if the complaint "established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Id.* at 13.  Such a dispute is the essence of this case.

*Skelly Oil* was a contract dispute between private entities in which one party argued the other might attempt to have a federal claim "injected into the case only in anticipation of a defense to be asserted" by the opposing party. *Skelly Oil*, 339 U.S. at 672. The Court recognized the "settled doctrine that where a suit is brought in the federal courts upon the sole ground that the determination of the suit depends upon some question of a federal nature, it must appear, at the outset, from the declaration or the bill of the party suing, that the suit is if that character." *Id.* Federal jurisdiction would be denied only where there is merely a "suggestion of one party that the other will or may set up a claim under the Constitution or law of the United States…" *Id.*

Again, the federal questions in this case are not issues that may come up in the future if Defendant invokes a certain defense; they are the only claims made by the Plaintiff. The Supremacy Clause, preemption doctrine, the anti-commandeering doctrine, and the Tenth Amendment are not tangential to Plaintiff's claims: they are Plaintiff claims.[3]

The holdings of *Franchise Tax* and *Skelly Oil* do not apply to this case and, as noted above in *Franchise Tax's* dicta, would support removal of this case to this Court. The Motion should be denied.

## Conclusion

Plaintiff's Complaint asks for a declaration that NSPIA is constitutionally valid. It is simply the opposite argument of a constitutional challenge of a State law under the federal Declaratory Judgment Act commonly filed in federal courts. The questions of federal law are not ancillary to Plaintiff's causes of action, but have been squarely placed before the Court by Plaintiff's Complaint. Removal was proper and the Motion should be denied.

---

[3] As noted above, there is a similar case pending in the District of Colorado that was originally filed in federal court as the United States' challenge of the constitutional validity of Colorado's similar statutes. A review of the docket indicates no party has challenged subject matter jurisdiction in that case. See, generally, *U.S. v. Colo* 1:25-cv-1391-GPG-KAS (D. Colo.).

Respectfully submitted,

**JACKSON LOMAN DOWNEY & STEVENS-BLOCK, P.C.**

By: /s/ Eric Loman
Eric Loman
Counsel for Defendant
201 Third St. NW, Ste. 1500
Albuquerque, NM 87102
(505) 767-0577
Eric@JacksonLomanLaw.com

I certify the foregoing was filed via the Court's
CM/ECD system on November 18, 2025, which causes
all counsel of record to be served electronically.

/s/ by Eric Loman
Eric Loman