IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE ETHICS COMMISSION,

    Plaintiff,

v.

ALISHA TAFOYA LUCERO, in her official capacity as the Secretary of the New Mexico Corrections Department,

    Defendant.

No. 1:25-cv-01032

**PLAINTIFF STATE ETHICS COMMISSION'S REPLY
IN SUPPORT OF THE MOTION FOR REMAND**

In Defendant's Response to Motion to Remand, filed November 11, 2025 ("Resp."), Defendant Tafoya Lucero offers two arguments for the Court's jurisdiction. Neither supports the Court's removal jurisdiction for the Commission's declaratory judgment claims.

First, Defendant Tafoya Lucero argues that because federal district courts have jurisdiction for certain pre-enforcement claims asserting a state statute is unconstitutional—*e.g.*, claims for injunctions under *Ex parte Young* or declaratory judgment claims under *Steffel v. Thompson*—the Court must also have jurisdiction for declaratory judgment claims to establish the nonavailability of an anticipated federal preemption defense to a state-created action. *See* Resp. at 8. Defendant Tafoya Lucero suggests that because both kinds of claims generally concern the "constitutionality" of a state statute, the federal courts have jurisdiction in either case. *See id.* at 4–8. But that oversimplification incorrectly states the law of federal jurisdiction and ignores the holdings and rationale of *Skelly Oil* and *Franchise Tax Board*. To ensure the consistent application of the *Mottley* well-pleaded complaint rule after the advent of federal declaratory judgment practice, *Skelly Oil* established that the federal courts lack jurisdiction for a

declaratory judgment claim to establish the unavailability of a federal *defense* to a state-created cause of action.  339 U.S. 667, 673–74 (1950).  Following *Skelly Oil*, *Franchise Tax Board* held that the federal courts lack *removal* jurisdiction for a state declaratory judgment claim, filed by a state agency, to establish the unavailability of a federal preemption *defense* to a state-created cause of action.  463 U.S. 1, 18–19 (1983); *see also State v. Wayfair*, 229 F. Supp. 3d 1026, 1033–35 (D.S.D. 2017).  Under those precedents, the Court lacks jurisdiction and remand is required.

Second, Defendant Tafoya Lucero asserts that the Commission's declaratory judgment claims fall within the "slim category" of state-law claims for which there is federal question jurisdiction under the *Gunn-Grable* test.  *See* Resp. at 2–4.  They do not.  *Grable* did not abrogate, modify, or replace *Franchise Tax Board* to suggest that the federal courts have removal jurisdiction for state declaratory judgment claims challenging a federal preemption defense to a state-created cause of action.  *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–14 (2005); *see also Wayfair*, 229 F. Supp. 3d at 1034–35.  And even if the *Gunn-Grable* test is applicable to determine the Court's removal jurisdiction in this case, the test requires remand.  In *Grable*, citing back to *Franchise Tax Board*, the Supreme Court explained "the federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Grable*, 545 U.S. at 313–14 (citing *Franchise Tax Bd.*, 462 U.S. at 8).  As the Commission argued in its Motion, the Court cannot exercise removal jurisdiction without disturbing the state-federal line.  *See* Pl. State Ethics Comm'n's Mot. to Remand, at 16–19 (filed Oct. 31, 2025) ("Mot.").  Defendant Tafoya Lucero's response points only to cases stating Congress's plenary authority for immigration policy and

2

does not grapple with the federalism and comity concerns the Commission raises. *See* Resp. at 4 (citing *Arizona v. United States*, 567 U.S. 387, 408 (2012); *Truax v. Raich*, 239 U.S. 33, 42 (1915)). Rather, her argument is simply a request that the Court exercise complete-preemption jurisdiction where that doctrine does not apply because federal immigration law does not include a cause of action that substitutes for NSPIA. Indeed, several other federal district courts have rejected the argument that federal immigration law grounds federal complete-preemption jurisdiction for state-law claims.

Accordingly, for reasons stated in the Commission's Motion and herein, the Court lacks jurisdiction and should respectfully remand this case to New Mexico's First Judicial District Court.

## ARGUMENT

I. **The Court lacks jurisdiction because the Commission's complaint tests the legality of anticipated preemption defenses to a state-law claim.**

Defendant Tafoya Lucero incorrectly says the Court has jurisdiction because the Commission could have filed a claim under the federal Declaratory Judgment Action ("FDJA"), 28 U.S.C. § 2201, for a "declaratory judgment on the constitutionality of NSPIA." Resp. at 6. In support, she relies on *Steffel v. Thompson*, 415 U.S. 452 (1974), misapprehending *Steffel*'s contribution to federal jurisdiction. *Steffel* does not confer jurisdiction for a declaratory judgment claim to establish the nonavailability of a federal preemption defense to a state-created action. Defendant Tafoya Lucero cannot redescribe the Commission's claims to escape the application of *Franchise Tax Board* and the conclusion that the Court lacks jurisdiction. Last, the pending litigation in *United States v. Colorado* provides no support for jurisdiction here.

A. *Steffel v. Thompson*

*Steffel* is inapposite. In *Steffel*, Georgia state officials threatened George Steffel with arrest and prosecution for violation of a Georgia criminal trespass statute if he did not stop distributing handbills at a local shopping center. 415 U.S. at 455–56. Mr. Steffel filed a pre-enforcement, declaratory judgment action in federal court, seeking a declaration that enforcement of the Georgia criminal trespass statute would violate his rights under the First and Fourteenth Amendment. *Id.* at 454–55. The district court dismissed the complaint, and the appellate court affirmed. *Id.* at 456. A panel of the (pre-1981) Fifth Circuit reasoned that a plaintiff who mounts a pre-enforcement challenge to the constitutionality of a state criminal statute by way of a declaratory judgment action must make the same showing required to enjoin the application of a state criminal statute before prosecution—*i.e.*, irreparable injury caused by bad faith harassment. *Id.* at 457.

The Supreme Court reversed. *Id.* Surveying the history of federal jurisdiction, the Supreme Court explained that "[t]he Federal Declaratory Judgment Act was intended to provide an alternative to injunctions against state officials." *Id.* at 467. Therefore, in circumstances where there is no pending state prosecution, a plaintiff seeking a declaratory judgment that a state criminal statute is unconstitutional is not required to establish the elements required for a pre-prosecution injunction. *See id.* at 471–72. Rather, a declaratory judgment claim alleging that a state criminal statute is unconstitutional is available where (i) no state criminal prosecution is pending (otherwise *Younger* abstention would apply); and (ii) the declaratory judgment plaintiff "demonstrates a genuine threat of enforcement of a disputed state criminal statute[.]" *Id.* at 475. While *Steffel* lowers the threshold for pre-enforcement challenges to the

constitutionality of state statutes when the remedy sought is declaratory and not injunctive, *Steffel* has no application in this case.

### B. *Steffel* has no bearing on declaratory judgment actions to challenge the legality of an anticipated federal preemption defense to a state-law claim.

Unlike in *Steffel*, the Commission does not seek any declaration that a state statute is unconstitutional. Rather, the Commission seeks declaratory relief establishing that, in light of preemption and anticommandeering principles, Defendant Tafoya Lucero does not have a federal preemption *defense* to a state-law claim.

Defendant Tafoya Lucero's argument is that the distinction between the declaratory judgment claims in *Steffel* and this case makes no difference. In her telling, *Steffel's* pre-enforcement, declaratory judgment challenge to the application of a state criminal statute and the Commission's declaratory judgment challenge to the availability of a federal preemption defense to a state-created civil claim both involve "the constitutionality" of a state statute. *See* Resp. at 4–6. Thus, in her view, the federal courts have jurisdiction. Throughout her Response, Defendant Tafoya Lucero repeatedly elides (i) the Commission's declaratory claims that a federal preemption *defense* is unavailing and (ii) declaratory judgment claims, available under *Steffel*, that a state criminal statute is unconstitutional. In a concluding moment of candor, however, Defendant Tafoya Lucero concedes that the Commission's claims are, in fact, "the *opposite* argument of a constitutional challenge of a State law under the federal Declaratory Judgment Act commonly filed in federal courts." Resp. at 7 (emphasis added). The concession is real because the posture matters.

It is beyond cavil that the federal courts have federal question jurisdiction for pre-enforcement challenges to the constitutionality of state statutes, either for injunctions under *Ex parte Young* or declaratory relief under *Steffel*. *See* 8 U.S.C. § 1331. That conclusion follows

easily from the well-pleaded complaint rule, considering that such pre-enforcement challenges allege a claim arising under federal law. *E.g.*, *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936).

Under the same well-pleaded complaint rule, however, it is also beyond dispute that a federal defense (or a plaintiff's invocation of an anticipated federal defense) does not confer federal jurisdiction for a state-law claim. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908); *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1236 (10th Cir. 2003) (citing *Franchise Tax Bd.*, 463 U.S. at 14). This second application of the well-pleaded complaint rule controls the Court's decision in this case. To ensure that a plaintiff cannot avoid the well-pleaded complaint rule after the FDJA's enactment, *Skelly Oil* made clear that the federal courts lack jurisdiction for an FDJA claim that a federal defense to a state-created action is unavailable. 339 U.S. at 673–74. Applying that same logic in the removal context, *Franchise Tax Board* made clear that federal courts lack removal jurisdiction for state-law declaratory judgment claims that could not originally have been filed in federal court under *Skelly Oil*, especially where a state-agency plaintiff seeks a declaration from a state court that a state-law cause of action is not preempted by federal law. 463 U.S. at 18–19.

*Steffel* has no bearing on these holdings. Nothing in *Steffel* indicates that the federal courts have jurisdiction for a declaratory judgment claim to establish unavailability of a federal preemption defense, even considering that preemption defenses are ultimately "constitutional," being applications of the Supremacy Clause. *See* 415 U.S. at 467–75. Even if *Steffel* somehow suggested that inference (it does not), *Franchise Tax Board* (decided six years after *Steffel* and also authored by Justice Brennan) dispels it. Indeed, *Franchise Tax Board* neither mentions nor cites *Steffel*.

Accordingly, while federal courts have jurisdiction for pre-enforcement constitutional challenges seeking either declaratory or injunctive relief, *see, e.g.*, *Steffel*, 415 U.S. at 475; *Ex parte Young*, 209 U.S. 123, 144–45 (1908), federal courts do *not* have jurisdiction for declaratory judgment claims seeking to establish the nonavailability of a federal preemption *defense* to a state-created cause of action, *see Franchise Tax Bd.*, 463 U.S. at 18–19; *Skelly Oil*, 39 U.S. at 673–74. While both conclusions are applications of the well-pleaded complaint rule, it is the Supreme Court's elaboration of the latter in *Skelly Oil* and *Franchise Tax Board* that controls here.

### C. Defendant Tafoya Lucero mischaracterizes the Commission's complaint, and *Franchise Tax Board* applies.

Defendant Tafoya Lucero attempts to avoid the application of *Franchise Tax Board* by redescribing the Commission's complaint as asserting declaratory judgment claims about the "constitutionality" of NSPIA. Resp. at 6. Pursuing her attempt at redescription, Defendant Tafoya Lucero oddly says "[t]he Complaint does not describe some defense Defendant might make during the course of the litigation." Resp. at 6. But of course it does. Even a cursory review of the Commission's three counts shows that the Commission is seeking declaratory relief that 8 U.S.C. §§ 1373 and 1644 do not preempt an enforcement action under NSPIA.[1]

If the Commission were to assert a NSPIA claim against Defendant Tafoya Lucero to enjoin the practice of New Mexico Correction Department ("NMCD") employees sharing the

---

[1] At times, Defendant Tafoya Lucero plainly misstates the Commission's claims. For example, she says "Plaintiff has sought review of whether NSPIA conflicts with existing federal immigration statutes and the Tenth Amendment." Resp. at 4. Not so. The Commission clearly does not allege that NSPIA conflicts with the Tenth Amendment. Rather, the Commission alleges that §§ 1373 and 1644, as applied to the facts alleged in the Complaint, violate the anti-commandeering rule of the Tenth Amendment; therefore, those federal immigration statutes cannot legally operate to preempt a NSPIA claim to enjoin Defendant Tafoya Lucero, in her official capacity, from allowing NMCD employees to transmit citizenship and immigration status information of New Mexico probationers to federal immigration authorities. The Court should decline Tafoya Lucero's invitation to exercise removal jurisdiction based on a misstatement of the Commission's declaratory judgment claims.

immigration status and citizenship information of New Mexico probationers with federal immigration authorities, then Defendant Tafoya Lucero will allege preemption as a defense. She says as much in her Response, arguing that "[t]he threatened claim in this case would be made under color of a State statute-NSPIA-and would violate constitutional principles under the Supremacy Clause." Resp. at 4. To say that a state-created action "would violate constitutional principles under the Supremacy Clause" obviously foreshadows a federal preemption defense. *Id.* The Commission filed a New Mexico declaratory judgment action to establish that Defendant Tafoya Lucero's federal preemption defense to a NSPIA claim fails. Under *Skelly Oil*, that is not a claim the Commission could have brought in federal court and, under *Franchise Tax Board*, it is not a claim for which the Court has removal jurisdiction.

> D.  **The analogous litigation in *United States v. Colorado, et al.* provides no basis for the Court's jurisdiction here.**

Last, Defendant Tafoya Lucero adverts to *United States v. Colorado* twice in her Response. But the Court does not have jurisdiction on the theory that the Commission could have filed a pre-enforcement, federal FDJA claim against the United States. If that is Defendant Tafoya Lucero's theory of the Court's jurisdiction, it is badly incorrect. The Commission did not file a pre-enforcement, declaratory judgment claim against the United States. Nor could the Commission have attempted such a lawsuit. The FDJA is neither an independent basis of subject matter jurisdiction nor a waiver of the United States' sovereign immunity. *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 512 (10th Cir. 1994); *Brownell v. Ketchum Wire & Mfg. Co.*, 211 F.2d 121, 128 (9th Cir. 1954) ("[T]he Declaratory Judgment Act . . . is not a consent of the United States to be sued[.]"). And Defendant Tafoya Lucero's observation that no party in *United States v. Colorado* has challenged subject matter jurisdiction is entirely trivial. The federal courts manifestly have subject matter jurisdiction for actions asserted by the United

States as a plaintiff. 28 U.S.C. § 1345. Accordingly, Defendant Tafoya Lucero's invocation of *United States v. Colorado* provides no support for the Court's jurisdiction in this case.

**II.     The *Gunn-Grable* test does not confer jurisdiction for the Commission's declaratory judgment claims.**

Defendant Tafoya Lucero separately argues that the Court has jurisdiction for the Commission's state-law declaratory judgment claims under the *Gunn-Grable* test. This argument fails for two reasons. First, under *Franchise Tax Board*, the Court lacks jurisdiction and, as other federal district courts have recognized, *Grable* did not overrule *Franchise Tax Board*. Second, even if *Grable* replaced *Franchise Tax Board* in guiding how the federal district courts assess removal jurisdiction for state declaratory judgment claims challenging a federal preemption defense to a state-created action (it did not), the application of the *Gunn-Grable* test does not confer jurisdiction for the Commission's claims. Defendant Tafoya Lucero cannot establish the fourth element of the *Gunn-Grable* test. *See* Mot. at 15–19.

**A.      *Grable* did not overrule *Franchise Tax Board* and *sub silentio* allow federal district courts to exercise removal jurisdiction for state declaratory judgment claims challenging the availability of a federal preemption *defense* to a state-created cause of action.**

In *Grable,* the Supreme Court recognized federal question jurisdiction in those limited circumstances where, although federal law does not create the cause of action, the state-created claim (i) necessarily raises a federal issue that is (ii) substantial, (iii) disputed, and (iv) capable of resolution by a federal court without disturbing the "balance of federal and state judicial responsibilities." 545 U.S. at 310. As other federal district courts have concluded, *Grable* did not overrule *Franchise Tax Board* and *sub silentio* allow federal jurisdiction for state declaratory judgment claims asserting the unavailability of a federal preemption defense to a state-law claim. *See Wayfair*, 229 F. Supp. 3d at 1034 ("*Grable* did not overrule *Franchise Tax Board*."). Rather,

when defining the kind of state-law claims necessarily raising a federal issue that are *not* capable of resolution without disturbing the congressional-approved balance of federal and state judicial functions, the *Grable* Court expressly cited to *Franchise Tax Board*. The Supreme Court explained:

> But even when the state action discloses a contested and substantial federal question, the exercise of federal jurisdiction is subject to a possible veto. For the federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331. Thus, *Franchise Tax Bd.* explained that the appropriateness of a federal forum to hear an embedded issue could be evaluated only after considering the "welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system." Because arising-under jurisdiction to hear a state-law claim always raises the possibility of upsetting the state-federal line drawn (or at least assumed) by Congress, the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction.

*Grable*, 545 U.S. at 313–14 (citations omitted).

Since 1888, the invocation of a federal *defense* to a state-created action has been an issue adjudicated by the state courts. *See* Mot. at 18 n.4. The advent of declaratory judgment practice did not change that balance of federal-state judicial functions, as the Supreme Court confirmed in *Skelly Oil* and *Franchise Tax Board*. Consequently, in articulating its four-part test, *Grable* defined state declaratory judgment claims challenging a federal preemption *defense*—like those claims at issue here, in *Franchise Tax Board*, and in *Wayfair*—to be outside of the "slim category" of state-create claims for which *Grable* recognized federal question jurisdiction. *Gunn v. Mitton*, 568 U.S. 251, 258 (2013) (recognized the state-law claims for which *Grable* confers

federal jurisdiction to be a "slim category"). Indeed, in *Wayfair*, the federal district court considered the same *Grable*-based argument for removal jurisdiction that Defendant Tafoya Lucero posits here. The *Wayfair* court rejected the argument, concluding that "Grable did not abrogate or modify in any way the specific holdings of Franchise Tax Board: that 'a State's suit for a declaration of the validity of state law . . . is not within the original jurisdiction of the United States district courts . . . .'" *Wayfair*, 229 F. Supp. 3d at 1035 (alterations original) (*quoting* Franchise Tax Bd., 463 U.S. at 21). Accordingly, state declaratory judgment claims challenging the availability of a federal preemption *defense* are outside of the set of state-law claims for which *Grable* recognizes federal jurisdiction, and therefore *Grable* does not confer jurisdiction here.

      **B.**    **Even assuming the *Gunn-Grable* test applies, the Court lacks jurisdiction for the Commission's declaratory judgment claims.**

*Franchise Tax Board* is dispositive, and the *Gunn-Grable* test does not apply to confer jurisdiction for state declaratory judgment claims challenging a federal defense. But even if the Court applies the *Gunn-Grable* test, the fourth element remains unmet. In her Response, Defendant Tafoya Lucero says that the Court may assert removal jurisdiction over a state declaratory judgment claim seeking to establish the unavailability of a federal preemption defense to a NSPIA claim without upsetting the federal-state judicial balance because "[n]ational immigration policy is undoubtedly a federal responsibility." Resp. at 4 (citing *Arizona*, 567 U.S. at 408; *Truax*, 239 U.S. at 42). *Arizona* and *Truax* provide no basis for the Court to assert jurisdiction. *Arizona* concerned state criminal statutory provisions imposing a misdemeanor for failure to comply with federal alien-registration requirements or for an unauthorized alien to seek or engage in work in Arizona. *See* 567 U.S. at 393–94. *Truax* concerned an Arizona initiative to create a criminal penalty for employers that hire greater than twenty percent of non-qualified

11

electors or non-native-born citizens as employees. 239 U.S. at 35. Neither case remotely addresses a state statute regulating what information, acquired by virtue of state employment, state employees may provide to individuals outside of the control of the state. And neither case remotely suggests that the federal courts have removal jurisdiction for any state declaratory judgment action seeking to establish the unavailability of a federal preemption *defense* to state-created claim. Those cases are irrelevant and cannot support the fourth *Gunn-Grable* element.

At bottom, Defendant Tafoya Lucero's reliance on *Arizona* and *Truax* is an invitation to the Court to assert removal jurisdiction under the complete-preemption theory that if a state-law claim touches on federal immigration policy, then the federal courts have jurisdiction for the state-law claim. But complete preemption requires a federal cause of action, and the United States Code provides none for Defendant Tafoya Lucero to suggest. Moreover, other courts have rejected the invitation to exercise jurisdiction on the theory that federal immigration law completely preempts state-law claims that touch on federal immigration policy. *See* Mot. at 23 (citing *Cuomo v. Dreamland Amusements, Inc.*, No. 08 CIV.6321 JGK, 2008 WL 4369270, at *4 (S.D.N.Y. Sept. 22, 2008); *Robledo v. Mi Pueblo Food Ctr.*, No. 11-CV-1539 PSG, 2011 WL 2883478, at *2 (N.D. Cal. July 15, 2011); *Collins v. Molina*, No. 4:08-CV-0461, 2008 WL 8469152, at *4 (S.D. Tex. May 9, 2008); 13 *Fed. Prac. & Proc. Juris.* § 3522). Like the other federal district courts to have considered similar arguments, the Court should also reject Defendant Tafoya Lucero's invitation to incorrectly apply the complete-preemption doctrine.

## CONCLUSION

The Court lacks jurisdiction and, therefore, should respectfully remand this case to New Mexico's First Judicial District Court.

Respectfully submitted: December 1, 2025

By: /s/ *Jeremy Farris*
Jeremy Farris
Connor Woods
NEW MEXICO STATE ETHICS COMMISSION
800 Bradbury Dr. SE, Suite 215
Albuquerque, NM 87106
(505) 827 7800
jeremy.farris@sec.nm.gov
connor.woods@sec.nm.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on December 1, 2025, I filed and served a true and correct copy of the foregoing on all counsel of record via filing with the CM/ECF filing system.

Eric Loman
JACKSON LOMAN STANFORD
DOWNEY & STEVENS-BLOCK, P.C.
201 3rd St. NW
Albuquerque, NM 87102
(505) 767 0577
eric@jacksonlomanlaw.com

*Counsel for Defendant Tafoya Lucero*

                                  By: /s/ *Jeremy Farris*
                                  Jeremy Farris
                                  NEW MEXICO STATE ETHICS COMMISSION
                                  800 Bradbury Dr. SE, Suite 215
                                  Albuquerque, NM 87106
                                  (505) 827-7800
                                  jeremy.farris@sec.nm.gov